**UNITED STATES DISTRICT COURT**
**DISTRICT OF PUERTO RICO**

JORGE RODRÍGUEZ-WILSON,

      **Plaintiff,**

           **v.**                      **Civil No.** 20-1324 (FAB)

BANCO SANTANDER DE PUERTO RICO,
*et al.*,

      **Defendants.**

**OPINION AND ORDER**

BESOSA, District Judge.

    Defendant Banco Santander de Puerto Rico ("Banco Santander") moves to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)").  (Docket No. 13.)  For the reasons set forth below, Banco Santander's motion is **GRANTED**.

**I.**   **Background**

    This litigation concerns purported violations of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. sections 2605 *et seq*.  The Court construes the following facts from the complaint "in the light most favorable to the plaintiff", and "resolve[s] any ambiguities" in the plaintiff's favor.  See Ocasio-Hernández v. Fortuño-Burset, 640 F.3d 1, 17 (1st Cir. 2011).

    On August 25, 1994, plaintiff Jorge Rodríguez-Wilson ("Rodríguez") purchased a residential property in San Juan, Puerto Rico with "financing provided by Doral Bank."  (Docket No. 1 at

p. 4.)  The property cost $1,100,000.  Id.  Rodríguez refinanced the property with Banco Santander in 2005, "acquiring a new mortgage note" in the amount of $1,491,000.  Id.  He defaulted on the mortgage in 2013.  Id.  Banco Santander subsequently commenced a civil action against Rodríguez in the Commonwealth of Puerto Rico Court of First Instance, San Juan Superior Division for debt collection and mortgage foreclosure ("foreclosure action").  Id. at p. 5; see Banco Santander Puerto Rico v. Jorge Efraín Rodríguez-Wilson, Civil No. KCD2013-1102 (906).

On an unspecified date "[d]uring the proceedings in the Commonwealth Case, Rodríguez furnished to [Banco Santander] all the documents it requested in order to provide him with the loss mitigation options to which he was entitled under RESPA."  Id. at p. 5.  Banco Santander continued to pursue foreclosure of the property while the parties engaged in negotiations to modify the mortgage loan.  Id. at pp. 5-6.  According to an order issued in the foreclosure action, the loan modification was unsuccessful. (Docket No. 17, Ex. 1 at p. 3.)[1]

Banco Santander filed a motion for summary judgment on November 15, 2013.  Id.  Rodríguez filed a bankruptcy petition in

---

[1] The Court takes judicial notice of the pleadings and orders filed and issued in the foreclosure action.  See Rodríguez-Torres v. Gov't Dev. Bank of P.R., 750 F. Supp. 2d 407, 411 (D.P.R. 2010) ("It is well-accepted that federal courts may take judicial notice of proceedings in other courts if [they] have relevance to the matters at hand.") (Besosa, J.) (internal citation omitted).

April of 2015.   (Docket No. 1 at p. 6.)   The United States Bankruptcy Court for the District of Puerto Rico dismissed the petition, however, permitting Banco Santander to resume the foreclosure litigation.  Id.  Banco Santander filed a second motion for summary judgment on October 10, 2016.  (Docket No. 17, Ex. 1 at p. 6.)   On November 29, 2016, the Court of First Instance granted Banco Santander's summary judgment motion.  Id. at p. 7. Banco Santander purchased the property at a public auction on April 4, 2017 for $1,491,000.  Id.  The Court of First Instance then issued an eviction order.  Id.

Rodríguez appealed the foreclosure order and judgment before the Commonwealth of Puerto Rico Court of Appeals.  See Jorge Efraín Rodríguez-Wilson v. Banco Santander de Puerto Rico, Case No. KLCE201800905.  The Court of Appeals vacated the eviction order on February 22, 2019, holding that the Court of First Instance failed to refer Rodríguez and Banco Santander to a mandatory mediation conference pursuant to the Act for Compulsory Mediation and Preservation of Your Home in the Process of Foreclosure of Mortgages of a Principal Home, Laws P.R. Ann. tit. 32, sections 2881 et seq.  (Docket No. 17, Ex. 1 at p. 29.)

Rodríguez commenced this action on July 9, 2020 against Banco Santander and Santander Financial Services (collectively,

"defendants").   (Docket No. 1.)[2]   The complaint sets forth two
causes of action.   First, Rodríguez alleges that the defendants
violated RESPA by requesting foreclosure of the property "while
the parties engaged in a loss mitigation program to modify the
loan and mortgage contracts."   Id. at p. 7.   Second, Rodríguez
sets forth a breach of contract claim pursuant to Articles 1054
and 1060 of the Puerto Rico Civil Code, Laws P.R. Ann. tit. 31,
sections 3018 and 3024.   Id. at pp. 8—9.

Banco Santander filed a motion to dismiss the complaint on
September 8, 2020, contending, inter alia, that the RESPA cause of
action is time barred.   (Docket No. 13.)[3]   The Court agrees.

## II.   Standard of Review

Pursuant to Rule 12(b)(6), defendants may move to dismiss an
action for failure to state a claim upon which relief can be
granted.   Fed. R. Civ. P. 12(b)(6).   To survive a Rule 12(b)(6)
motion, the complaint must set forth sufficient factual matter "to

---

[2] On December 31, 2019, Banco Santander "sold and assigned its rights, title
and interests of the loan" to Santander Financial Services, Inc. (Docket No. 1
at p. 4.)   Santander Financial Services moved to dismiss the complaint on
August 7, 2020.   (Docket No. 5.)   Rodríguez acquiesced to dismissal without
prejudice regarding the claims asserted against Santander Financial Services.
(Docket No. 11 at p. 2.)   Accordingly, the Court dismissed the claims without
prejudice.   (Docket Nos. 25 and 26.)

[3] Banco Santander merged with FirstBank Puerto Rico ("FirstBank") on
September 1, 2020.   (Docket No. 21 at p. 1.)   The Court subsequently granted
FirstBank's motion for substitution of party.   (Docket No. 22.)   Although Banco
Santander is substituted by FirstBank, the Court will refer to the original
parties to avoid confusion.

state a claim to relief that is plausible on its face." Bell Atl.
Corp. v. Twombly, 550 U.S. 544, 570 (2007).  A claim is facially
plausible if, after accepting as true all non-conclusory factual
allegations, the Court can reasonably infer that the defendant is
liable for the misconduct alleged.  Ocasio-Hernández, 640 F.3d
at 12.  "Plausible, of course, means something more than merely
possible, and gauging a pleaded situation's plausibility is a
context-specific job that compels [a court] to draw on [its]
judicial experience and common sense."  Zenón v. Guzmán, 924 F.3d
611, 616 (1st Cir. 2019) (internal quotation marks omitted).  A
complaint that adequately states a claim may proceed even if
"recovery is very remote and unlikely."  Ocasio-Hernández, 640
F.3d at 13 (internal quotation marks and citations omitted).  As
the plaintiff, Rodríguez shoulders the burden of alleging a
plausible cause of action.  Hochendoner v. Genzyme Corp., 823 F.3d
724, 730 (1st Cir. 2016).

        "Affirmative defenses, such as the statute of limitations,
may be raised in a motion to dismiss under [Rule 12(b)(6)]."
Trans-Spec Serv. v. Caterpillar, Inc., 524 F.3d 315, 320 (1st Cir.
2008).  Dismissal is appropriate if "there is no doubt that the
plaintiff's claim is barred by the raised defense" based on facts
that are "clear on the face of the plaintiff's pleadings" along
with "matters fairly incorporated within [the complaint] and

matters susceptible to judicial notice." <u>Zenón</u>, 924 F.3d at 616 (internal quotation marks omitted); <u>see, e.g.</u>, <u>Mullinax v. Radian Guar.</u>, 199 F. Supp. 2d 311, 323 (M.D.N.C. 2002) (holding that "[the defendant's] affirmative defense of the statute of limitations is evident from the Complaint itself and can therefore be a basis for a Rule 12(b)(6) dismissal" of a RESPA cause of action).   Banco Santander bears the burden of establishing that the RESPA claim is time barred.   <u>See</u> <u>Monteagudo v. Asociación de Empleados del Estado Libre Asociado de P.R.</u>, 554 F.3d 164, 176–77 (1st Cir. 2009).

## III. The Real Estate Settlement Procedures Act of 1974 and Regulation X

Congress enacted RESPA in 1974 to "effect certain changes in the settlement process of residential real estate."   12 U.S.C. § 2601(a).   RESPA contains three enforcement provisions, authorizing borrowers to raise private causes of action against lending institutions.   <u>See</u> <u>Id.</u> §§ 2605(f), 2706(d) & 2608(b).   The Consumer Financial Protection Bureau ("CFPB") is responsible for prescribing rules and regulations pertaining to RESPA.   12 U.S.C. § 2617.

The CFPB promulgated Regulation X in 2014, requiring mortgage providers to comply with certain obligations when a borrower submits a loss mitigation application.   12 C.R.F. § 1024.41.   Loss mitigation is an "alternative to foreclosure offered by the owner

or assignee of a mortgage loan that is made available through the servicer to the borrower." Id. § 1024.31.  A loan modification is a form of loss mitigation.  James H. Pannabecker and David McF. Stemler, The RESPA Manual: A Complete Guide to the Real Estate Settlement Procedures Act, § 1401 n. 332 (4th ed., LexisNexis A.S. Pratt).  The protections set forth in Regulation X are procedural: "Nothing in [this provision] imposes a duty on servicers to provide any borrower with any specific mitigation option."  12 C.F.R. § 1024.41; see 1 The RESPA Manual § 14.01 ("[S]ervicers must implement the loss mitigation programs established by owners or assignees of mortgage loans, and borrowers are entitled to receive certain protections regarding the process (but not the substance) of those evaluations").

   A.   **Dual Tracking**

      Regulation X prohibits "dual tracking," "the practice whereby a mortgage servicer [moves] forward with a foreclosure, while, at the same time, working with a borrower to avoid a [foreclosure]."  2 Lender Liability Law and Litigation § 18.05 (Matthew Bender).  This rule provides that if a borrower submits a timely loss mitigation application, "a servicer shall not move for foreclosure judgment or order of sale, or conduct a foreclosure sale."  12 C.F.R. § 1024.41(g).  Borrowers may "enforce the provisions of this section pursuant to section 6(f) of RESPA."  12

C.F.R. § 1024.41(a); see 12 U.S.C. § 2605(k)(1)(E) ("A servicer of
a federally related mortgage shall not . . . fail to comply with
any other obligation found by the [CFPB], by regulation, to be
appropriate to carry out the consumer protection purposes of this
Act").   Claims arising pursuant to section 6(f) of RESPA are
subject to a three-year statute of limitations, beginning on "the
date of the occurrence of the violation."   12 U.S.C. § 2614; see
Archer v. America's First Fed. Credit Union, Case No. 19-258, 2019
U.S. DIST. LEXIS 159977, at *17 (S.D. Ala. Sept. 17, 2019)
(dismissing a claim arising pursuant to Regulation X because the
plaintiff filed the complaint "more than three years" after the
"violations of § 1024.41 occurred").

**IV.  Plaintiff's RESPA Cause of Action is Time Barred**

The complaint sets forth allegations that preclude Rodríguez
from raising a RESPA cause of action.   According to the complaint,
Banco Santander committed "dual tracking" violations by requesting
the Court of First Instance to "enter summary judgment with the
intention of executing the Property."  (Docket No. 1 at p. 6.)
Regulation X purportedly required Banco Santander to "halt
foreclosure procedures while his loss mitigation application was
pending."  Id. at p. 4.

The complaint does not identify when Rodríguez submitted the
loss mitigation application to Banco Santander, "which is the

trigger for the dual tracking prohibition." <u>Almazon v. JPMorgan
Chase Bank, Nat'l Ass'n</u>, Case No. 19-4871, 2020 U.S. Dist. LEXIS
41668 at *42 (S.D.N.Y. Mar. 9, 2020).  Rodríguez merely avers that
he presented "all the documents [that Banco Santander] requested
in order to provide him with loss mitigation options."  (Docket
No. 1 at p. 5.)  Failure to allege the date of submission is reason
to dismiss the complaint: absent this information, the Court cannot
determine whether the RESPA claim is timely.  <u>See</u> <u>Webb v. Wells
Fargo Home Mortg., Inc.</u>, Case No. 18-1076, 2019 U.S. Dist. LEXIS
155977 at *11 (M.D. La. Aug. 29, 2019) ("Plaintiff does not allege
any specific date on which he submitted a complete [loss
mitigation] application or when a foreclosure sale was scheduled
. . . Without these allegations, Plaintiff cannot state a claim
for dual tracking under RESPA.") (citing <u>Gresham v. Wells Fargo
Bank, N.A.</u>, 642 F. App'x 335, 359 (5th Cir. 2016) (holding that
the "district court therefore correctly concluded that [the
plaintiff] failed to put forward any factual content to support
its claim that Wells Fargo violated dual tracking rules" by
omitting the date "he submitted a complete loss mitigation
application")).

    Even if Rodríguez submitted a loss mitigation application
during the relevant timeframe, the RESPA claim exceeds the three-
year statute of limitations.  Banco Santander moved for summary

judgment on November 15, 2013 and again on October 10, 2016.
(Docket No. 17, Ex. 1 at pp. 3 and 6.)  The requests for summary
judgment allegedly contravene Regulation X because they constitute
"[motions] for foreclosure judgment or order of sale."  12 C.F.R.
§ 1024.41(g).  Rodríguez avers that he "was diligently immersed in
a loss mitigation process" when Banco Santander moved for summary
judgment.  (Docket No. 1 at pp. 5—6.)  The statute of limitations
commenced on the date of the filing of the second summary judgment
motion, at the latest.  Accordingly, Rodríguez had to file the
RESPA cause of action no later than October 10, 2019.  <u>See</u> 12
U.S.C. § 2614.  Because Rodríguez filed the complaint on July 9,
2020, his RESPA claim is time-barred.  Docket No. 1; <u>see</u> <u>Maccauley</u>
<u>v. Estate of Nicholas</u>, 7 F. Supp. 3d 468, 486 n.15 (E.D. Pa. 2014)
(dismissing a RESPA cause of action because "failure to comply
with the applicable statute of limitations" was "apparent on the
face of [the] complaint") (citation omitted); <u>Hopkins v. PHH Mortg.</u>
<u>Corp.</u>, Case No. 18-042, 2019 U.S. Dist. LEXIS 135556 at *22 (N.D.
Ga. May 30, 2019) ("Here, Plaintiff filed her lawsuit on March 7,
2018, and therefore any alleged violation of RESPA's loss
mitigation provisions which occurred before March 7, 2015 are
barred by the three-year statute of limitations.").  Consequently,
Banco Santander's motion to dismiss is **GRANTED**.  The RESPA cause
of action is **DISMISSED, with prejudice**.

## V.   The Puerto Rico Cause of Action

Rodríguez asserts the breach of contract cause of action pursuant to the Court's supplemental jurisdiction, 42 U.S.C. section 1367(a).  (Docket No. 1 at p. 2.)  The Court possesses discretion in exercising supplemental jurisdiction and may decline to do so if "all claims over which it has original jurisdiction" are dismissed.  28 U.S.C. § 1367(c); see, e.g., Cruz-Caraballo v. Rodríguez, 113 F. Supp. 3d 484, 493 (D.P.R. 2015) ("With no valid federal-law claims against defendants remaining, the Court, having considered these factors, declines to retain supplemental jurisdiction.") (Besosa, J.).  In deciding whether to decline supplemental jurisdiction, courts consider several factors, including "fairness, judicial economy, convenience, and comity." Desjardins v. Willard, 777 F.3d 43, 45 (1st Cir. 2015).  Because the RESPA cause of action is time-barred, the Court declines to exercise supplement jurisdiction regarding the breach of contract claim.

## VI.  Conclusion

For the reasons set forth above, Banco Santander's motion to dismiss is **GRANTED**.  (Docket No. 13.)  The RESPA claim is **DISMISSED WITH PREJUDICE**.  The breach of contract claims pursuant to Puerto Rico Law are **DISMISSED WITHOUT PREJUDICE**.

Judgment shall be entered accordingly.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, November 12, 2020.

                               s/ Francisco A. Besosa
                               FRANCISCO A. BESOSA
                               UNITED STATES DISTRICT JUDGE