IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| JORGE E. RODRÍGUEZ-WILSON,<br><br>**Plaintiff,**<br><br>v.<br><br>FIRSTBANK PUERTO RICO;<br>SANTANDER FINANCIAL SERVICES INC.,<br><br>**Defendants.** | **Civil. No.** 20-1324 (FAB) |

**MEMORANDUM AND ORDER**[1]

Before the Court are FirstBank Puerto Rico ("FirstBank")'s motions for attorney fees. (Docket Nos. 31 and 41.) As discussed below, FirstBank's motions are **DENIED**.

**I.   Background**

For purposes of this decision, only a rough description of the factual and procedural background is necessary. A more thorough description of the background can be found at Rodríguez-Wilson v. Banco Santander de Puerto Rico, Civ. No. 20-1324, 2020 WL 6611051, at *1–2 (D.P.R. Nov. 12, 2020) (Besosa, J.).

Rodríguez filed a complaint against Banco Santander de Puerto Rico ("Banco Santander") prior to Banco Santander's merger with FirstBank. See Docket Nos. 1, 21, and 22. Rodríguez asserted a federal claim pursuant to the Real Estate Settlement Procedures

---

[1] Ruy Díaz-González, a second-year student at the University of Puerto Rico School of Law, assisted in the preparation of this Memorandum and Order.

Act ("RESPA"). (Docket No. 1 at pp. 1-2.) He also asked the Court to assert supplemental jurisdiction over a contract claim pursuant to Puerto Rico law. Id.

Banco Santander moved to dismiss the claims. (Docket No. 13.) The bank put forth a variety of reasons to dismiss the RESPA claim. See id. at pp. 1-2. It argued that the RESPA claim was barred by a three-year statute of limitations. Id. at pp. 6-7. The bank also argued that the RESPA claim was not ripe. Id. at pp. 13-14.

Rodríguez responded. (Docket No. 27.) He argued that the RESPA claim was not time-barred, Id. at pp. 2-3, but acknowledged that the "RESPA violations occurred outside of the three-year filing period established by 12 U.S.C. § 2614." Id. at p. 3. Still, Rodríguez argued, the violations "are relevant background information to an ongoing litigation in the Commonwealth Courts." Id. (emphasis omitted). He also contended that the RESPA claim was not time-barred because foreclosure proceedings were pending, and he had not yet lost his property. Id. Separately, Rodríguez agreed with Banco Santander that the RESPA claim was not ripe and requested a dismissal without prejudice of all claims. Id. at pp. 5-6.

The Court dismissed Rodríguez's claims against Banco Santander. Rodríguez-Wilson, 2020 WL 6611051, at *4. The Court

pointed out that Rodríguez had omitted from his complaint a key date to his RESPA claim, and noted that this omission is reason enough to dismiss the complaint because it would ordinarily prevent the Court from determining whether the RESPA claim was timely. Id. at *3. Still, the Court held that the facts before it allowed the Court to determine that the RESPA claim was time-barred. Id. at *4. The Court dismissed the RESPA claim with prejudice and dismissed the Puerto Rico contract claim without prejudice. Id.

## II. Parties' Arguments

### A. FirstBank

As Banco Santander's successor, FirstBank moves for attorney fees pursuant to 28 U.S.C. § 1927[2] and Rule 54 of the Federal Rules of Civil Procedure. (Docket Nos. 31 and 41.) FirstBank seeks an award of $11,081.50. Id.

In its original motion, FirstBank argues that attorney fees are appropriate because Rodríguez's complaint was meritless from its inception. (Docket No. 31 at p. 1.) FirstBank contends that Rodríguez knew his RESPA claim was time-barred, and supports this contention by noting that Rodríguez knew the facts which

---

[2] FirstBank does not expressly identify the individual from whom it requests attorney fees and makes no distinction between Rodríguez and his attorney. See Docket Nos. 31, 41 and 43. The Court assumes that FirstBank seeks to recover attorney fees from Rodríguez's attorney because of FirstBank's reliance on section 1927.

Civil No. 20-1324                                                              4

allowed the Court to determine the claim was time-barred.  Id. at pp. 5-6.  FirstBank argues that Rodríguez willingly omitted the key date to his RESPA claim as part of an effort to bypass the statute of limitations.  Id. at p. 3.

In addition, FirstBank considers Rodríguez's agreement with FirstBank's ripeness argument to be problematic.  Id. at p. 6.  FirstBank argues that Rodríguez was attempting to achieve a dismissal without prejudice so that Rodríguez could later refile the claim once it became ripe.  Id.

In a reply brief, FirstBank adds two arguments.  (Docket No. 43.)  One argument contends that, even if Rodríguez did not know the RESPA claim was time-barred, he should have known.  Id. at p. 1.  FirstBank's other new argument is that Rodríguez prolonged the litigation when Rodríguez opposed dismissal on statute of limitations grounds.  Id. at p. 1.

   **B.   Rodríguez**

Rodríguez responds that an attorney fees award is not warranted.  (Docket No. 39 at p. 3.)  He avers that omitting the key RESPA date from the complaint was an oversight.  Id. at p. 5.  In a sworn affidavit, Rodríguez's attorney attests that the key date was not purposely omitted and that he did not know the RESPA claim was time-barred.  Id., Ex. 1 at p. 2.  In addition, Rodríguez

states that a dismissal without prejudice was requested because foreclosure proceedings were still pending, and Rodríguez had not yet lost his property. Id. at p. 5.

**III. Applicable Law**

Section 1927 of Title 28 of the United States Code provides for sanctions directly against an attorney. To be liable, an attorney must "multipl[y] the proceedings . . . unreasonably and vexatiously." 28 U.S.C. § 1927.

The courts in this circuit have given meaning to the section 1927 standard. "Behavior is 'vexatious' when it is harassing or annoying." Cruz v. Savage, 896 F.2d 626, 632 (1st Cir. 1990). There is no requirement for finding subjective bad faith or intentionality as a predicate for the imposition of sanctions. Id. at 631–32. At the same time, the actions need be more severe than mere negligence, inadvertence, or incompetence. Id. at 632. "[B]ad, even bordering on terrible" pleadings that evince a lack of "rudimentary research" are not sufficient to impose section 1927 sanctions in this jurisdiction. Negrón-Santiago v. San Cristobal Hosp., 764 F. Supp. 2d 366, 373 (D.P.R. 2011) (Fusté, J.).

### IV. Discussion

This is not the first time a litigant has wasted the Court's time and other litigants' time with a time-barred claim. Attorneys who file claims that are time-barred certainly demonstrate some amount of incompetence. Incompetence, however, is not a sufficient basis on which to award attorney fees.

FirstBank insufficiently supports its argument that Rodríguez knew his RESPA claim was time-barred when the complaint was filed. FirstBank's argument on this score is limited to pointing out that Rodríguez knew the facts which caused the claim to be time-barred. (Docket No. 31 at pp. 5-6.)  There is a difference, however, between knowledge of underlying facts and knowledge of the facts' legal consequences.  Cf. United States v. Florentino-Rosario, 459 F. Supp. 3d 345, 355-59 (D.P.R. 2020) (Besosa, J.) (discussing whether the crime of attempted reentry in violation of 8 U.S.C. section 1326 requires (i) proof of a purpose to enter the United States or (ii) proof of intent to do so illegally). FirstBank eludes this difference, and points to nothing suggesting that Rodríguez or his attorney knew the facts' legal consequences. In a sworn affidavit, however, Rodríguez's attorney attests that he did not know the legal consequences. (Docket No. 39, Ex. 1 at p. 2.)

Civil No. 20-1324                                                    7

FirstBank waived its argument that Rodríguez should have known that the RESPA claim was time-barred. <u>Noonan v. Wonderland Greyhound Park Realty LLC</u>, 723 F. Supp. 2d 298, 349 (D. Mass. 2010) (collecting cases on waiver of arguments made in reply briefs). The argument is a new theory of error that was asserted in FirstBank's reply, not in its original motion. <u>Compare</u> Docket No. 31 (omitting any argument that Rodríguez should have known the RESPA claim was time-barred, and repeatedly arguing that Rodríguez knew it was time-barred), <u>with</u> Docket No. 43 at p. 1 (raising this argument for the first time). Even if the argument was not waived, the Court would reject it. Rodríguez's complaint may have been "bad, even bordering on terrible," and some "rudimentary research" might have revealed that the RESPA claim was time-barred, but those circumstances do not justify section 1927 sanctions. <u>Negrón-Santiago</u>, 764 F. Supp. 2d at 373.

FirstBank's argument concerning Rodríguez's opposition to the motion to dismiss suffers a similar fate. The argument might have had some truck with the Court if asserted in FirstBank's motion requesting attorney fees. After FirstBank filed its motion to dismiss, (Docket No. 13,) Rodríguez must have been aware of the RESPA timeliness issue. Rodríguez's perplexing opposition to a timeliness dismissal, which did not address FirstBank's argument

Civil No. 20-1324                                                    8

except to acknowledge that the "RESPA violations occurred outside of the three-year filing period established by 12 U.S.C. § 2614," (Docket No. 27 at p. 3,) has no discernible proper purpose.  It is similar to other instances in which courts have found an award of attorney fees warranted.  <u>See, e.g.</u>, <u>Carter v. Hickory Healthcare Inc.</u>, 905 F.3d 963, 969 (6th Cir. 2018); <u>Lamboy-Ortiz v. Ortiz-Vélez</u>, 630 F.3d 228, 241 (1st Cir. 2010); <u>Cote v. James River Corp.</u>, 761 F.2d 60, 61 (1st Cir. 1985).  Yet FirstBank's argument came not in its motion for attorney fees, <u>see</u> Docket No. 31 at p. 6 (omitting any mention of this argument and cursorily noting that that Rodríguez opposed dismissal on the grounds that the RESPA claim was time-barred), but rather in its reply brief, <u>see</u> Docket No. 43 at pp. 1, 4 (raising this argument for the first time). The argument is a theory of error that could have, and should have, been raised in the original motion.  It is therefore waived. <u>Noonan</u>, 723 F. Supp. 2d at 349.

Finally, FirstBank's argument concerning Rodríguez's desire for a dismissal without prejudice, (Docket No. 31 at p. 6,) is speculative.  It does not warrant section 1927 sanctions.

**V.   Conclusion**

For the reasons set forth above, FirstBank's motions for attorney fees, (Docket Nos. 31 and 41,) are **DENIED**.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, February 25, 2021.

                                        s/ Francisco A. Besosa
                                        FRANCISCO A. BESOSA
                                        UNITED STATES DISTRICT JUDGE